CLOVER FARMS CO. v. SCHUBERT.

(Supreme Court, Appellate Term. February 28, 1905.)

DECEIT—SALES—FALSE REPRESENTATIONS.

Where, in an action for deceit and false representations in the sale of horses, plaintiff's evidence established a clear breach of warranty, but there was no evidence that defendant ever saw the horses until the day of the sale, or had any knowledge of their condition or defects, nor of the falsity of the representations made, plaintiff could not recover.

[Ed. Note.—For cases in point, see vol. 23, Cent. Dig. Fraud, §§ 4, 5, 51, 55.]

McCall, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by the Clover Farms Company against Max Schubert. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before SCOTT, GIEGERICH, and McCALL, JJ.

Samuel Hoffman, for appellant.
Walter L. McCorkle, for respondent.

SCOTT, J. The plaintiff sues for damages for false representations, and the case has been treated throughout by all parties as an action founded upon fraud. The plaintiff proved a complete case of an express warranty and a breach thereof, but wholly failed to prove the cause of action he pleaded. It is an essential element of such an action that there should be shown not only the representations and their falsity, but also knowledge of such falsity on the part of the person making them, and sometimes the positive affirmation of a material fact without knowing whether it was true or false. Fraud must be proven, and is not to be presumed without proof, although, of course, its proof may consist of facts which raise the presumption. There was only one conversation between plaintiff's representative and defendant, and what defendant said in that conversation was rather a warranty than a representation, and was in point of fact afterwards incorporated into the warranty. There is not the slightest evidence in the case that the defendant ever saw the horses until the day of sale, or had any knowledge at all as to their condition or defects. In Moorehead v. Holden, 7 Civ. Proc. R. 188, relied upon by the justice below, it appeared that the de-

fendant had been a coachman, and was familiar with horses, and had had the horse there in question in his possession and under his control for a year, with full knowledge of his lameness.   That case·differs essentially from the present.

The judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event.

GIEGERICH, J., concurs.

McCALL, J. (dissenting).   While it would have been much better and easier for plaintiff to have stood upon his warranty and the palpable breach thereof, still I think he has maintained an absolute case along the lines of fraudulent misrepresentation upon which the case was tried.· He has fairly demonstrated the representations, and their unqualifiedly fraudulent character; and to say that this defendant did not have a guilty knowledge of the fraud he was perpetrating is to argue down without reason all the fair and convincing presumptions that arise from the circumstances proven in this case.   It is not necessary to show that the defendant had knowledge of the defective condition of the team by positive and direct evidence.   The proof may be indirect, and the evidence had by showing the circumstances, from which the inference is fairly to be drawn that this essential fact existed.   Moorehead v. Holden, 7 Civ. Proc. R. 188.   The case so reeks with fraud that plaintiff should not be forced to a second trial to get that which belongs to him, and which, in my judgment, was fraudulently taken from him.   I therefore dissent.